**In re Coordinated Pretrial Proceedings in ANTIBIOTIC ANTITRUST ACTIONS.**

**STATE OF CALIFORNIA, Plaintiff,**

v.

**CHAS. PFIZER & CO., Inc., et al., Defendants.**

**M 19–93A and 68 Civ. 4343.**

United States District Court.
S. D. New York.
March 12, 1971.

CLASS ACTION ORDER NO. 71–9

ORDER DIRECTING RULE 23(c) (2) NOTICE TO CERTAIN CLASS MEMBERS

(City, County, State Entities and Institutions)

MILES W. LORD, District Judge (By Assignment).

On February 9, 1971, this court filed Class Action Order No. 71–4, 333 F.Supp. 267, which determined, under Fed.R. Civ.P. 23(c) (1), that this action shall be maintained as a class action under Fed.R.Civ.P. 23(b) (3) by the plaintiff State for itself and as representative party for a class which was defined in that Order. The Order required the plaintiff State on or before February 19, 1971, to submit to the court a proposed form of notice, consistent with the requirements of Rule 23(c) (2) of the Federal Rules of Civil Procedure, and a proposed proof of claim form, to be directed to the members of the class represented. The defendants were required to submit their objections and suggestions within ten (10) days thereafter.

The parties have submitted and been heard on their proposals for notice and all such proposals have been reviewed and duly considered by the court.

Now, therefore, it is ordered: 1. The notice and proof of claim forms appended hereto are the best notice practicable under the circumstances to be sent to the members of the class consisting of the state, its departments, agencies, hospitals, institutions and political subdivisions and all counties, cities and other governmental entities within the state as defined in Class Action Order No. 71–4, filed February 9, 1971, and are in compliance with Rule 23(c) (2) of the Federal Rules of Civil Procedure.

2. On or before March 15, 1971, a notice and proof of claim form shall be sent by the Attorney General of the plaintiff state to each member of the class by first class mail, in penalty-free envelopes to be provided by the Clerk of the Court. If any class member as defined above is a party of record to this litigation, or has intervened in the

litigation previously, service of this notice shall be made on counsel of record for such class members.

3. The Attorney General, on or before March 20, 1971, shall file with the Clerk of the Court a certificate of service setting forth the names and addresses of all members of the class to whom notice was sent.

4. The Attorney General, on or before April 20, 1971, shall file with the Clerk of the Court and make available to defendants any requests for exclusion from members of the class received in response to said notices.

5. The Attorney General, on or before May 20, 1971 shall file with the Clerk of the Court and make available to defendants all Notices of Intention to Assert a Claim received from class members.

6. The parties to the California and North Carolina actions shall set their own dates for the performance of each of the above described actions, but shall otherwise be governed by this Order.

APPENDIX

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF _____, <br>                       Plaintiff, <br>    -against- <br> CHAS. PFIZER & CO., INC., <br> AMERICAN CYANAMID COMPANY, <br> BRISTOL-MYERS COMPANY, <br> OLIN MATHIESON CHEMICAL <br>    CORPORATION and <br> THE UPJOHN COMPANY, <br>                 Defendants. | _____ Civ. _____ <br> M 19–93A <br><br> NOTICE OF CLASS <br> SUIT |

NOTICE TO GOVERNMENT ENTITIES
AS HEREINAFTER DESCRIBED IN
THE STATE OF _____

———◆———

The State of _____, through its Attorney General _____, has pending a legal action in the United States District Court against certain drug companies (Chas. Pfizer & Co., Inc., American Cyanamid Company, Bristol-Myers Company, Olin Mathieson Chemical Corporation (Squibb) and The Upjohn Company) alleging that those companies violated the antitrust laws in the sale of certain of their broad spectrum antibiotic products within the period 1954–1966. On February 9, 1971, the court determined that the State, by its Attorney General, was the proper representative for a statewide class which included the following entities which purchased, paid for or made payments for the Aureomycin, Terramycin and tetracycline products [1] of those companies in the state during the stated period:

The State, its departments, agencies, hospitals, institutions and political sub-

---

1. Tetracycline products are sold under the following names among others: Achromycin, Mysteclin, Panalba, Panmycin, Polycycline, Steclin, Tetracyn and Tetrex.

divisions and all counties, cities and other governmental entities within the state (other than those of the federal government)*, including without limitation hospital districts, hospitals and other institutions supported in whole or in part by state, county, city or local governmental funds, which purchased or paid for broad spectrum antibiotic products during the period 1954 through 1966.

This notice is being sent to you in the belief that you may be a member of that class of plaintiffs, whose rights may be affected by this litigation. *This notice is not to be understood as an expression of any opinion by this court as to the merits of any of the claims or defenses asserted by either side in this litigation,* but is sent for the sole purpose of informing you of the pendency of this litigation so that you may make appropriate decisions as to steps you may wish to take in relation to this lawsuit.

The above-entitled action is one of a number of similar actions which seek to recover damages for injuries resulting from alleged violations by the defendants of certain provisions of the antitrust laws. The complaint alleges in substance that within the period 1954–1966 the defendants conspired to restrain interstate and foreign trade and commerce in the manufacture, sale and distribution of certain broad spectrum antibiotic products and that they also conspired to and did monopolize the manufacture, sale and distribution of such products in interstate and foreign trade and commerce. It is further alleged that as a result of such conspiracies purchasers of broad spectrum antibiotic products have been compelled to pay higher prices than they otherwise would have paid.

The defendants have denied the allegations and have denied liability.

This court has determined that the plaintiff State, through its Attorney General, is the proper class representative and that he will fairly and adequately represent all members of the class.

NOW, THEREFORE, TAKE NOTICE:

1. If you have purchased or paid for any of the broad spectrum antibiotic products described above within the period 1954–1966:

a. The court will exclude you from the class represented by the Attorney General if you request exclusion in writing addressed to the Attorney General at _____, _____ and postmarked not later than April 15, 1971 **. If you elect to be excluded from the class, you will be free to pursue on your own behalf whatever legal rights you may have.

b. If you do not request exclusion from the class by April 15, 1971 **, you will be included in such class and any judgment, whether favorable or not, will be binding upon you.

c. If you do not request exclusion from the class by April 15, 1971 **, you will be required to submit a written "Statement of Intention to Assert a Claim" in the form attached and will be required to verify that claim at a later time. Failure to mail such a Statement of Intention postmarked not later than May 15, 1971 **, shall forever bar you from any recovery on claims asserted in this action against defendants. Your Statement of Intention should be mailed to the Attorney General at _____

2. If you do not request exclusion from the class but prefer in connection with your individual claim to be represented by your own counsel rather than by the Attorney General, you may enter an appearance through your counsel but not later than May 15, 1971 **,

Clerk of the United States
District Court
Southern District of New
York

---

* In the Hawaii notice this parenthetical phrase will read "(other than those of the federal government and of the City and County of Honolulu)".

** Different dates will be agreed on for the notices in North Carolina and California.

EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE OF ——————,
Plaintiff,

-against-

CHAS. PFIZER & CO., INC.,
AMERICAN CYANAMID COMPANY,
BRISTOL-MYERS COMPANY,
OLIN MATHIESON CHEMICAL
   CORPORATION and
THE UPJOHN COMPANY,
Defendants.

———— Civ. ————

M 19–93A

STATEMENT OF IN-
TENTION TO AS-
SERT A CLAIM

Mail on or before May 3, 1971 to:

   Attorney General

   State of ————————

   ————————————

   ——————, ————

Please Print
  or
  Type

———————————————————————
(Name of Governmental Entity Asserting Claim)

———————————————————————
(Street Address)

———————————————————————
(City)    (State)    (Zip Code)

PLEASE TAKE NOTICE that the above named class member intends to prove a claim for damages against defendants in this action in connection with its purchase of tetracycline products,[1] Aureomycin and Terramycin for the years 1954 through 1966 and in furtherance thereof states the following:

1. The total annual purchases by this governmental entity class member of tetracycline products, Aureomycin and Terramycin (the "drugs") for each of the years 1954 through 1966 as reflected by its records or estimated* for any year in which complete records are not available were as follows:

| Year | | Year | |
|---|---|---|---|
| 1954 | $_____ | 1961 | $_____ |
| 1955 | $_____ | 1962 | $_____ |
| 1956 | $_____ | 1963 | $_____ |
| 1957 | $_____ | 1964 | $_____ |
| 1958 | $_____ | 1965 | $_____ |
| 1959 | $_____ | 1966 | $_____ |
| 1960 | $_____ | | |

TOTAL (1954–1966)   $_____

1. As used herein, "tetracycline products" means all dosage forms of tetracycline and its various forms and combinations which are manufactured and sold by the defendants under numerous brand names, for example: Achromycin V. capsules and Achrocydin tablets.

* Indicate any year for which your figures are based on estimates by the mark "E".

2. The above-named class member understands that the amounts claimed are subject to later verification in a manner to be approved by the court.

Dated: _____, 1971

_____
Authorized Signature

_____
Position